IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 25-1257

MARILYN GANAHL AND SARAH LAIRD

*Petitioners,*

v.

FEDERAL AVIATION ADMINISTRATION
AND BRYAN BEDFORD, ADMINISTRATOR
OF THE FAA, IN HIS OFFICIAL CAPACITY,

*Respondents.*

ON PETITION FOR REVIEW OF ORDER OF
THE FEDERAL AVIATION ADMINISTRATION

PETITION FOR REVIEW OF FINAL AGENCY ORDER
OF THE FEDERAL AVIATION ADMINISTRATION

Pursuant to 49 U.S.C. § 46110, 5 U.S.C. § 706, and Rule 15(a) of the Federal Rules of Appellate Procedure, Petitioners Marilyn Ganahl and Sarah Laird ("Petitioners"), by and through undersigned counsel, petition this Court for review of the final order of the Respondent Federal Aviation Administration ("FAA" or "Respondent"), issued constructively no earlier than September 30, 2025. As a result of the FAA's final order, Kyle Clark has been granted conditional approval by the FAA to construct and operate a proposed personal airport on his property located in

Lincoln, Vermont, which either abuts or is in the close vicinity of Petitioners' residences.

The FAA order at issue was dated June 27, 2025, and signed by FAA Regional Airspace Specialist Robert Linscheid. It conditionally approved the request of Mr. Clark for operation of a proposed new airport ("the Proposed Clark Airport") in Clark's backyard in Lincoln, Vermont. "NOTICE OF AIRPORT AIRSPACE ANALYSIS DETERMINATION ESTABLISH PRIVATE AIRPORT **CONDITIONAL NO OBJECTION**" (the "June 27 Order") (**Exhibit 1** hereto). As set forth below, the June 27 Order is arbitrary and capricious and otherwise in violation of law because - by FAA's own admission - FAA inexplicably failed to comply with its own regulation set forth at 14 C.F.R. § 157.7. This is because FAA chose not to provide interested persons, including Petitioners, with prior notice and the opportunity to comment on the application submitted by Clark to FAA for its approval of the Proposed Clark Airport.

FAA also improperly failed to perform an environmental assessment before conditionally approving the construction and operation of the Proposed Clark Airport; and FAA's lack of prior notice of the pending application to interested persons deprived FAA of the ability to consider the serious concerns regarding safety that Petitioners possess with regard to the Proposed Clark Airport and its associated

2

aircraft operations over and adjacent to their properties. For all of these reasons the June 27 Order should be vacated.

This Petition for Review is timely under 49 U.S.C. § 46110(a) despite it challenge of a June 27 order, because Petitioners were not informed of the June 27 Order until no earlier than September 30, 2025. *See* Vermont Transportation Board Notice dated September 30, 2025, **Exhibit 2** hereto. This is because FAA opted not to provide the public, including Petitioners, with notice of the June 27 Order.

This Petition for Review of the June 27 Order is filed with the support of several other Lincoln, Vermont residents who either abut the Clark property or live nearby: Mark Atkins and Stephanie Atkins, 155 E. River Road (immediately adjacent to the west of Clark); Michelle Hall, 170 Quaker Street (adjacent to Mark and Stephanie Atkins); Christine Fraioli, 379 Orchard Road (abuts Clark on the East side), Stacey Streeter and Brett Kirchoff, 202 Orchard Road South; Wolfger Schneider; Orchard Road South (abuts Clark property in the Southeast); Michael O'Connor, 830 Elder Hill Road; Louise Rickard, 1713 Elder Hill Rd; Jacqueline Tuxill, 1490 Elder Hill Road (abuts Clark to the Northeast); Patricia Shanley and Christopher Barr, Elder Hill Road (adjacent to abutter); Kristi LaFayette, 613 Quaker Street; Sara Farr, 830 Elder Hill Road; Peg Sutliff and Dan Guy, 177 Elder Hill Road; and Coco Moseley, 796 James Road.

## STATEMENT OF FACTS

Kyle Clark – the founder and Chief Executive Officer of Beta Technologies – is seeking to operate a private airport on his property at 432 Orchard Road North in Lincoln, Vermont. It is characterized as a "personal landing area" ("PLA") which is to be "60-foot wide by 900-foot long." In connection with the Proposed Clark Airport, Clark privately and confidentially requested that FAA provide approval of the airport under 14 C.F.R. Part 157. In the June 27, 2025 Order, FAA determined that FAA had "No Objection with [specified] Provisions." Exhibit 1, at 2. However, FAA acknowledged in the June 27 Order that Mr. Clark's "proposal was **not circulated to the public** for comment" before FAA issued its June 27 Order. Exhibit 1, at 3 (emphasis added). As a result, Petitioners were deprived of the opportunity to submit comments (and objections) to the Proposed Clark Airport. Petitioners were not given the opportunity to submit evidence to show that the Proposed Clark Airport would be damaging to the environment and unsafe for persons and surrounding property.

## STANDING OF PETITIONERS

Petitioners have standing to pursue this Petition for Review because they are directly impacted by the FAA's June 27 Order in that they are neighbors of the Proposed Clark Airport located at 432 Orchard Road North in Lincoln, Vermont. Ms. Ganahl lives at 830 Elder Hill Road in Lincoln, Vermont, and Ms. Laird's home

4

is at 925 Elder Hill Road, north of Ms. Ganahl's property. Notably, Ms. Ganahl was listed as the first "interested person" on Mr. Clark's August 8, 2025, "Application for the Establishment or Alternation of a Restricted Aircraft Landing Area, Helicopter Landing Area, or Ultralight Landing Area," which precipitated and is attached to the September 30, 2025, notification of a pending "Application for a Personal Restricted Landing Area in Lincoln, Vermont" issued by the Vermont Transportation Board. As landowners next to or in the near vicinity of the Proposed Clark Airport, Petitioners will be directly impacted by the negative effects of the Proposed Clark Airport on the surrounding environment and on the risk to safety posed by the Proposed Clark Airport. *See Lowman v. FAA*, 83 F. 4th 1345 (11th Cir. 2023) (individuals who resided near airport had standing to challenge FAA's alleged lack of compliance with NEPA in connection with airport expansion).

## THIS PETITION IS TIMELY FILED

The 60-day provision in 49 U.S.C. § 46110(a) did not go into effect as of the date of the June 27 Order because for some inexplicable reason, FAA, in violation of its own regulations, opted not to provide the public (including Petitioners) with notice of Clark's request for FAA approval of the Proposed Clark Airport, or FAA's June 27 Order which provided the approval sought by Clark. 14 C.F.R. § 157.7(a) expressly states that "The FAA will conduct an aeronautical study of an airport proposal **and, after consultations with interested persons, as appropriate, issue**

5

USCA Case #25-1257   Document #2145060   Filed: 11/12/2025   Page 6 of 18

**a determination to the proponent and advise those concerned of the FAA determination.**" (Emphasis added). However, FAA has admitted that it failed to provide interested persons with notice of FAA's Part 157 consideration of Clark's request for approval of his private airport: "The proposal **was not circulated to the public for comment**." June 27 Order, Exhibit 1, at 3 (emphasis added).

FAA's violation of Section 157.7(a) deprived Petitioners of their ability to timely comment on Clark's application to FAA, or to file a legal challenge to the June 27 Order within the 60-day time period set forth in 49 U.S.C. § 46110(a). This is despite the fact that "An order issued pursuant to 14 C.F.R. 157.7 is appealable under 49 U.S.C. § 46110(a)." *Menard v. FAA*, 548 F.3d 353, 356 (D.C. Cir. 2008). Although the FAA determination is considered to be "advisory," the D.C. Circuit treats such "'advisory' FAA orders as reviewable and justiciable." *Id.* at 357.

Significantly, the lack of prior notice by FAA means that the 60-day period for filing a petition for review with the Circuit Court of Appeals under 49 U.S.C. § 46110, did not commence on June 27, 2025. Rather, it did not begin until after the Vermont Transportation Board issued and mailed its request for comments on September 30, 2025, Exhibit 2 hereto. The Vermont Transportation Board packet did not arrive in Petitioner Ganahl's mail until October 5, 2025, which is the trigger date for the 60-day period to file a Petition for Review of the June 27 Order under Section 46110.

6

The initial 60-day deadline in Section 46110 does not apply where, as here, there were "reasonable grounds for not filing by the 60th day." *Howard County, Md. v. FAA*, 818 Fed. Appx. 224, 226 (D.C. Cir. 2020). Specifically, FAA chose not to provide notice to Petitioners or other interested parties of the Clark application to FAA prior to issuing the June 27 Order, or even when the June 27 Order was issued. *See Citizens Ass'n of Georgetown v. FAA*, 896 F.3d 425, 435 (D.C. Cir. 2018) ("[T]he clock starts ticking from the date the order is officially made public") (quotation marks omitted).

## BASIS FOR FINDING OF ARBITRARY AND CAPRICIOUS AND OTHERWISE UNLAWFUL CONDUCT

1. Because FAA failed to follow its own regulation (14 C.F.R. § 157.7(a), and provide Petitioners (and other interested persons) with notice of the Clark application and the June 27 Order, the June 27 Order must be vacated. It is arbitrary and capricious and otherwise not in accordance with law for the FAA to disregard its own regulations which require prior notice and comment to interested persons before issuing an order under Section 157.

2. In preparing and issuing its June 27 Order, FAA improperly failed to undertake any environmental assessment in connection with its conditional approval of the new airport. This was contrary to the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*, which required FAA to consider the negative impact of the Clark Airport on the surrounding environment, including the abutting

7

public conservation and recreation area called "Willard's Woods."

In NEPA, Congress resolved "to create and maintain conditions under which man and nature can exist in productive harmony, and fulfill the social, economic, and other requirements of present and future generations of Americans." NEPA § 101(a), 42 U.S.C. § 4331(a). "These sweeping policy goals have inspired some commentators to call NEPA an environmentalist Magna Carta." *Citizens Against Burlington, Inc. v. Busey*, 938 F.2d 190, 193 (D.C. Cir. 1991). Congress passed NEPA "to protect the environment by requiring that federal agencies carefully weigh environmental considerations and consider potential alternatives to the proposed action before the government launches any major federal action." *Lands Council v. Powell,* 395 F.3d 1019, 1026 (9th Cir.2005). To accomplish this, "NEPA imposes procedural requirements designed to force agencies to take a 'hard look' at environmental consequences." *Earth Island Inst. v. U.S. Forest Serv.,* 351 F.3d 1291, 1300 (9th Cir.2003).

Among other things, NEPA requires FAA to prepare an EIS for any "major Federal action" that could "significantly" affect the quality of the human environment." 42 U.S.C. § 4332(2)(C). If "any 'significant' environmental impacts might result from the proposed agency action then an EIS must be prepared before agency action is taken." *Sierra Club v. Peterson*, 717F.2d 1409, 1415 (D.C. Cir. 1983).

8

Not only did FAA fail to take a "hard look" at the potential negative environmental impact of its conditional approval of the Proposed Clark Airport, but the agency failed to provide Petitioners (and other interested persons) with the opportunity to submit evidence to FAA before the June 27 Order was issued.

FAA's failure to comply with NEPA is especially problematic here given the serene nature of the land and environment that will be impacted from use of the Clark property as an airport. Willard's Woods is a local park and conservation area in Lincoln, Vermont, abutting the Clark's property. As described by the Middlebury Area Land Trust, which holds Willards Woods as conserved lands, "These iconic 130+ acres are located in Lincoln, VT and were donated by Willard Jackson. Cherished for its public trails, quiet forests, and stunning views of Mt. Abe... The property is open to the public and open for recreation in all seasons."[1] It features both open fields and wooded areas with tall trees, and is a popular site for walking, skiing, and other recreation. Not only is Willard's Woods significant, there is also extensive National Forest very close by, which is part of the Green Mountain National Forest.

---

[1] https://www.maltvt.org/conserved-properties

In addition, the state of Vermont's Agency of Natural Resources has identified priority areas for conservation within the state,² including highest priority forest areas, which cover a significant portion of Lincoln.³

Under NEPA, an Environmental Impact Statement ("EIS") must be prepared if "substantial questions are raised as to whether a project . . . may cause significant degradation of some human environmental factor." *Ocean Advocates v. U.S. Army Corps of Eng'rs*, 402 F.3d 846, 864 (9th Cir.2005) (internal quotations and quotation marks omitted). To trigger the need for an EIS, a plaintiff need not show that significant effects will in fact occur; "raising substantial questions whether a project may have a significant effect is sufficient." *Id.* at 864–65 (internal quotations omitted). "While 'foreseeing the unforeseeable' is not required, an agency must use its best efforts to find out all that it reasonably can." *City of Davis v. Coleman,* 521 F.2d 661, 676 (9th Cir.1975). *Barnes v. DOT*, 655 F.3d 1124, 1136 (9th Cir. 2011).

Here, the June 27 Order fails to identify any environmental analysis or assessment performed by FAA and therefore violates basic principles and requirements of NEPA. On reconsideration, the FAA is required to consider the

---

²https://www.vtfishandwildlife.com/sites/fishandwildlife/files/documents/Conserve/VT%20Conservation%20Landscape-level%20Design/Vermont-Conservation-Design-Summary-Report-February-2018.pdf

³https://www.vtfishandwildlife.com/sites/fishandwildlife/files/documents/Conserve/VT%20Conservation%20Landscape-level%20Design/Interior-Forests.pdf

10

potential negative impact of the Clark Airport on the surrounding environment. *See Britt v. U.S. Army Corps of Eng'rs,* 769 F.2d 84, 90 (2d Cir. 1985) (an agency charged with preparing an EIS must demonstrate that it has taken a hard look at the environmental consequences); *Nat'l Audubon Soc'y v. Dep't of Navy*, 422 F.3d 174, 196 (4th Cir. 2005) (Navy's EIS for proposed landing field failed to consider the cumulative impacts of reasonably foreseeable nearby military operating areas); *Grand Canyon Trust v. FAA*, 290 F.3d 339, 346 (D.C. Cir. 2002) (remanding case because FAA's environmental assessment of new airport failed to consider cumulative noise impacts to nearby national park; agency ordered to evaluate all noise sources, not just those emanating from proposed new airport); *Muckleshoot Indian Tribe v. U.S. Forest Serv.*, 177 F.3d 800, 809 (9th Cir. 1999) (EIS did not adequately address cumulative impact of land exchange between Forest Service and private landowner).

3. FAA's June 27 Order is also arbitrary and capricious because it makes a determination that the Proposed Clark Airport and associated aircraft operations can be operated safely, without inviting, receiving and reviewing comments from interested parties who have genuine concerns regarding the safety of the proposed airport and flights using the airport. Moreover, safety will be negatively impacted by the Proposed Clark Airport because of the proximity of a local road next to the Proposed Clark Airport. The Class 4 Orchard Road in Lincoln abuts the proposed

airstrip and is regularly used by residents for walking, horseback riding, hunting, dog walking, for access to the town-owned Willards Woods, and other non-motorized purposes. The road is 30 feet from the end of this proposed very short, and "highly challenging", runway. The town owns the trees lining this road, which it will keep for aesthetic reasons and to slow erosion on the steep slope; therefore, it seems impossible for the Proposed Clark Airport to accommodate the tree removal recommendation/requirement in the FAA conditional approval.

The Proposed Clark Airport airstrip is inherently unsafe. Landing and taking off aircraft on a very short runway, at the bottom of a continuous hill on the northern edge of runway, with forest to the south and forest on either end, and situated at the base of the Green Mountains, would seriously make this a dangerous place to land and take off from. The area is subject to unpredictable gusts. It is often very windy here when there is calm air a few miles down the road in the valley.

Moreover, according to FAA's review, "Operations at this airport are highly challenging due to the terrain and runway length." Exhibit 1, at 2. Takeoff and landing from this "highly challenging" airport will occur over many others' properties, including a popular town forest/park, and will cross densely populated areas of town. Takeoff and landing is the most dangerous part of flying. Four people died last year at Basin Harbor in Vermont - which has a much longer grass landing area (3000 feet compared to this one, which is 900 feet) - when a plane taking off

crashed into the woods at the end of the runway. https://www.wcax.com/2024/09/09/teen-among-4-victims-vermont-plane-crash/.

This year, in August, a plane landed on the Basin Harbor golf course instead of the landing area. Beta helicopters have made emergency landings on a number of occasions, including last month. In Lincoln – which is located in the mountains – wind and storms are particularly unpredictable, and make takeoff and landings even more difficult. Accidents in small planes, particularly during takeoff and landing, are common. It is inherently unsafe to introduce a high risk, "highly challenging" 900 feet by 60 feet airstrip into a residential area, with takeoff and landing over others' properties, farms and a town park and conservation area.

Additionally, the area is poorly served by roads, and difficult to reach should there be accidents. The local fire department has not been trained to address plane crashes, particularly if there are electric aircraft flying in the area. Takeoff and landing requires flight over forest areas with no road access, as well as homes and farms – again, it is the wrong place for an airstrip/helipad. Even if a fire truck possibly could reach the runway, it most certainly could not access the surrounding wooded area where a takeoff or landing crash could easily occur. An additional safety problem is that a very short, wet grass runway on a hillside may cause aircraft to have trouble getting the necessary "lift" for a safe takeoff.

Also, FAA possesses information regarding the improper use of the airspace for low-level aircraft operations. Scott Story, an FAA Safety Inspector based in Portland, Maine, has investigated incidents regarding low-flying aircraft operating near the Proposed Clark Airport, and has found that "parts of the flight did cause some concerns that were addressed in accordance with FAA guidance." August 19, 2025 Email from Inspector Story regarding August 18, 2025 incident. Inspector Story reached a similar conclusion in a letter dated November 14, 2024. Additionally, Matthew Heieren, another FAA inspector also found that "further action is warranted" because of low-flying aircraft near the Clark property. Letter dated October 9, 2024.

Despite FAA possessing documented evidence that there is improper and unsafe flying proximate to the Proposed Clark Airport site, FAA appears to have ignored such evidence in nevertheless granting the June 27 approval.

The FAA Administrator has been named as a Respondent in his official capacity because of his ultimate leadership of FAA and the fact that 49 U.S.C. § 46110 (a) specifically refers to "an order issued by the Administrator of the Federal Aviation Administration."

## **PETITION FOR RECONSIDERATION**

On October 27, 2025, Petitioners filed a Petition for Reconsideration with FAA to challenge the June 27 Order. The Petition for Reconsideration was addressed to:

William ("Liam") McKenna, Esq.
Chief Counsel
Federal Aviation Administration
Office of the Chief Counsel
800 Independence Avenue SW
Washington, D.C. 20591
Email: William.Mckenna@faa.gov

Mr. Robert ("Chris") Linscheid
Regional Airspace Specialist
FAA Southern Region Airports Division
1701 Columbia Avenue
Suite 540
College Park, GA 30337
Email: Robert.Linscheid@faa.gov

Jessie di Gregory, Esq., FAA
Federal Aviation Administration
Office of the Chief Counsel
800 Independence Avenue SW
Washington, D.C. 20591

Mr. Christopher Beitzel
Vermont Agency of Transportation
219 North Main Street Barre, VT 0564

Mr. Kyle B. Clark
432 Orchard Road North
Lincoln, Vermont 05443

The FAA has not responded to the Petition. In order to ensure that this Petition for Review is filed within 60 days of Petitioners learning of the existence of the June 27 Order, this Petition for Review is being filed at this time.

## REQUEST FOR RELIEF

Wherefore, Petitioners Marilyn Ganahl and Sarah Laird respectfully request that the Court grant the Petition for Review and vacate the June 27 Order conditionally approving the Proposed Clark Airport as arbitrary and capricious and otherwise in violation of applicable law.

Dated: November 12, 2025    Respectfully submitted,

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone: (202) 552-2388
Email: rgoldberg@clarkhill.com

Counsel for Petitioners

# CERTIFCATE OF SERVICE

Pursuant to Rule 15(c) of the Federal Rules of Appellate Procedure, I hereby certify that I have this 12th day of November, 2025, caused to be served copies of the foregoing Petition for Review upon the following persons:

**BY EMAIL AND FIRST CLASS MAIL, RETURN RECEIPT REQUESTED:**

William ("Liam") McKenna, Esq.
Chief Counsel
Federal Aviation Administration
Office of the Chief Counsel
800 Independence Avenue SW
Washington, D.C. 20591
Email: William.Mckenna@faa.gov

Mr. Robert ("Chris") Linscheid
Regional Airspace Specialist
FAA Southern Region Airports Division
1701 Columbia Avenue
Suite 540
College Park, GA 30337
Email: Robert.Linscheid@faa.gov

Jessie di Gregory, Esq., FAA
Federal Aviation Administration
Office of the Chief Counsel
800 Independence Avenue SW
Washington, D.C. 20591
Email: jessie.digregory@faa.gov

Ms. Rachel Dimitruk
Executive Secretary
Vermont Transportation Board
Vermont New Motor Vehicle Arbitration Board
P.O. Box 6

Fairfax, VT 05454
(802) 595-9410
Email: rachel.dimitruk@vermont.gov

Respectfully submitted,

*/s/ M. Roy Goldberg*
M. Roy Goldberg, Esq.
D.C. Bar 416953
D.C. Circuit Bar No. 39860
CLARK HILL PLC
1001 Pennsylvania Avenue, N.W.
Suite 1300 South
Washington, DC 20004
Telephone: (202) 552-2388
Email: rgoldberg@clarkhill.com

Counsel for Petitioners

M8682\499851\284583888